# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT LEMANSKI,** : | No. 3:08cv1894 |
|       **Petitioner** : | |
| : | **(Judge Munley)** |
| **v.** : | |
| : | |
| **MICHAEL CHERTOFF, Secretary,** : | |
| **Department of Homeland** : | |
| **Security, and** : | |
| **THOMAS R. DECKER, Field Office** : | |
| **Director, Immigration and Customs** : | |
| **Enforcement, Philadelphia Office,** : | |
|       **Respondents** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is the instant petition for a writ of habeas corpus (Doc. 1). Because the court lacks jurisdiction to hear the action, the court will transfer the case to the Third Circuit Court of Appeals.

**Background**

Petitioner is a native of Poland and a permanent resident of the United States. (Petition for a Writ of Habeas Corpus (Doc. 1) at ¶ 1). He has been in the custody of the Bureau of Immigration and Customs Enforcement since the Spring of 2008. (Id. at ¶ 2). Currently, petitioner is housed at the Clinton County Correctional Facility in McElhattan, Pennsylvania. (Id. at ¶ 3).

In 2002, petitioner pled guilty to violating a federal law, 8 U.S.C. § 1324(a)(1)(A)(ii), which prohibits the transportation of illegal aliens. (Id. at ¶ 4). He

successfully completed his sentence. (Id. at ¶ 5). After his release from prison, petitioner lived with his wife and two children, who are United States citizens, in Effort, Pennsylvania. (Id. at ¶ 6). Petitioner was the family's sole breadwinner. (Id.).

In the Spring of 2008, the United States instituted removal proceedings against the petitioner, alleging that he had been convicted of an aggravated felony. (Id. at ¶ 7). On June 26, 2008 an Immigration Judge denied petitioner's request to terminate the removal proceedings. (Id. at ¶ 8). Petitioner appealed this decision to the Board of Immigration Appeals. (Id. at ¶ 9). The Board denied his appeal on September 29, 2008. (Id.).

Petitioner contends that his conviction for violating 8 U.S.C. ¶ 1324(a)(1)(A)(ii) is not an aggravated felony and thus no grounds to detain him exist. (Id. at ¶¶ 10-11). Petitioner filed the instant action in this court on October 14, 2008. He asks the court to issue a writ of habeas corpus directing the respondents to release him from custody immediately. Petitioner also asks the court to enjoin the respondents from any further efforts to remove him.

**Discussion**

Federal courts are courts of limited jurisdiction, and thus have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert denied sub nom Upp v. Mellon Bank N.A., 510 U.S. 964 (1993). In fact, it is to be presumed that

2

a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999); see generally Nelson v. Keefer, 451 F.2d 289, 293-95 (3d Cir. 1971) (finding that the federal judiciary has been too cautious in addressing the large number of cases which do not belong in federal courts).

The court lacks jurisdiction to hear this action. Petitioner here seeks to challenge a final order of the Board of Immigration Appeals that apparently finds that he was convicted of an aggravated felony and is thus ineligible to remain in the United States. Under the Real ID Act of 2005, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision" of the Immigration and Nationality Act. 8 U.S.C. § 1252(a)(5). That limitation applies to review sought through means of a habeas corpus petition, as here. Id. Though petitioner does not here directly admit that an order of deportation has issued in his case, the court could not issue the writ without reviewing the Board's interpretation of the statute. Such review is limited by law to the Court of Appeals. See Kolkevich v. Attorney General of the United States, 501 F.3d 323, 326 (3d Cir. 2007) (holding that the Real ID Act "eliminated availability of habeas corpus

3

relief in the district courts for aliens seeking to challenge orders of removal.  Instead, Congress substituted petitions for review, filed with the courts of appeals within the first 30 days after issuance of an order of removal, as the sole vehicle whereby aliens could challenge their removal.").

Under federal law, however, "[w]henever a civil action is filed in a court . . . or an appeal, including a petition for review of an administrative action, is noticed for or filed with such court and the court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any such court in which the action or appeal could have been brought at the time it was filed or noticed."  28 U.S.C. § 1631.  This case should originally have been brought in the Third Circuit Court of Appeals.  Petitioner seeks release from detention and relief from an order of deportation.  Since obtaining review of the Board's order faces tight time deadlines for petitioner, the interest of justice requires that his petition be transferred to a court with the authority to review it without forcing petitioner to re-file the case.  The court will therefore order the petition transferred to the Third Circuit Court of Appeals.

**Conclusion**

The court will decline to hear the instant petition for a writ of habeas corpus for want of jurisdiction.  The court will order the case transferred to the Third Circuit Court of Appeals.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LEMANSKI,** | : | **No. 3:08cv1894** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **MICHAEL CHERTOFF, Secretary,** | : | |
| **Department of Homeland** | : | |
| **Security, and** | : | |
| **THOMAS R. DECKER, Field Office** | : | |
| **Director, Immigration and Customs** | : | |
| **Enforcement, Philadelphia Office,** | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**AND NOW**, to wit, this 23rd day of October 2008, the Clerk of Court is hereby directed to **TRANSFER** the instant petition for a writ of habeas corpus (Doc. 1) to the United States Court of Appeals for the Third Circuit. The Clerk of Court is directed to **CLOSE** the case in this court.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**